UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Billy Joe Moon, ) | |
| ) | CR No.: 4:07-cr-00801-RBH |
| v. ) | |
| ) | **SUPPLEMENTAL ORDER** |
| United States of America ) | |
| ) | |
| _____ ) | |

This Court entered an order on November 16, 2010 (Docket Entry #87) granting the motion by the government for summary judgment and dismissing Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255. As set forth in the order, the Court had directed the Clerk to mail the affidavit by defense counsel to the petitioner, since Petitioner indicated that he had not received it and the record contained no indication that it had been mailed to him. On September 29, 2010, this Court directed the Clerk to mail the affidavit to the petitioner and also gave him 20 days to file an additional response to the government's Motion for Summary Judgment. The 20 day deadline expired on October 19, 2010, and no response was filed. This Court dismissed the petition on November 16, 2010, and the order was mailed to the petitioner on November 16, 2010. On November 16, 2010, Petitioner's legal mail which is currently before this Court was processed by FCI-Edgefield. This legal mail was entitled "Petitioner's Opposition to the Affidavit Presented by Michael A. Meetze" with attached letter from a secretary at the BOP dated November 15, 2010 indicating that FCI Edgefield was on lockdown status "since October 8, 2010". Petitioner does not indicate when he received the affidavit. However, out of an abundance of caution in the event that the Petitioner's "Opposition" could be considered timely, the Court has reviewed the opposition document.

Petitioner first contends that his trial counsel should have raised the "constitutional claims"

even though the law in the area was developing and not clearly established. However, Petitioner's trial counsel did in fact argue that "failure to stop for a blue light" is not a violent felony under the Armed Career Criminal Act in the sentencing memorandum furnished to the Court. (Docket Entry # 43). Petitioner next refers to the fact the government failed to mail him a copy of the affidavit. However, the Court directed the Clerk to mail the affidavit to him and gave him additional time to respond. Finally, Petitioner argues that trial counsel should not have agreed to a stipulated 10-year sentence because "petitioner did not and could (not) qualify for the heavy statutory minimum and maximum that the ACCA mandates under 18 U.S.C. § 924(e)(1). No attorney, acting in good faith would stipulate to the statutory maximum for his client while knowing that the Sentencing Guidelines proscribed range would not dictate such a result." (Docket Entry # 90, p. 4). As stated in this Court's previous order, review of counsel's conduct is not based on 20/20 hindsight but rather on the law and facts known to counsel at the time of sentencing. Counsel could not be expected to have anticipated that the Fourth Circuit would reverse itself in *Rivers*.

After thorough review, the Court finds that it is not necessary to modify its prior order.

**IT IS SO ORDERED**.

December 9, 2010                  s/R. Bryan Harwell
Florence, South Carolina          R. Bryan Harwell
                                                   United States District Judge